# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>GARY RAY BASSETT,<br><br>                    Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Case No. 2:15-CR-260-DAK<br><br>Honorable Dale A. Kimball |

      This matter is before the court on Defendant Gary Ray Bassett's Motion for Early Termination of Supervised Release. On February 8, 2010, Mr. Bassett pleaded guilty to two counts of Wire Fraud, in violation of 18 U.S.C. § 1343. On April 19, 2010, the United States District Court for the Northern District of California sentenced Mr. Bassett to 63 months of incarceration for each count, to run concurrently with each other, followed by a term of supervised release of 3 years.

      On May 13, 2015, jurisdiction was transferred from the United States District Court for the Northern District of California to this court. On July 15, 2016, Mr. Bassett sent a motion to the court requesting early termination of his supervised release. At that point, Mr. Bassett had completed approximately 31 months of his 36-month term of supervised release.

      Under 18 U.S.C. § 3583(e), a court may terminate the term of supervised release prior to the completion of the entire term of a defendant who has completed at least one year of supervised release if the court is satisfied such action is (1) warranted by the conduct of the offender and (2) in the interest of justice. See 18 U.S.C. § 3583(e)(1). In making this

determination, the Court must consider the factors set forth in 18 U.S.C. § 3553(a), to the extent applicable. 18 U.S.C. § 3583(e). The factors under § 3553(a) include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed –
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense . . . .

18 U.S.C. § 3553(a).

In terms of the history and characteristics of the defendant, Mr. Bassett has assumed responsibility for his wire fraud and is consistently paying the required restitution amount in an attempt to repay the victims. Mr. Bassett has completely complied with the terms of his supervised release. In addition to his compliance, Mr. Bassett is disabled due to a terminal cancer and the effects of his chemotherapy.

Even though Mr. Bassett has assumed responsibility for his crimes and has complied with the terms of his supervised release, the offense committed by Mr. Bassett is serious. Mr. Bassett's investment fraud scheme has had a significant, negative impact financially and emotionally on the victims of the scheme. Many of the victims are unlikely to be fully repaid for their losses. However, the court concludes that the sentence imposed on Mr. Bassett was sufficient to reflect the seriousness of his offense and to adequately deter similar criminal conduct by Mr. Bassett or others. Mr. Bassett has already served his entire term of incarceration and 31 of his 36 months of supervised release. The court concludes that, at this point in his

sentence, early termination of his supervised release will not reduce the reflection of the seriousness of his crime or the deterrent effect that his sentence produced.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Early Termination of Supervised Release is GRANTED.

DATED this 29th day of July, 2016.

BY THE COURT:

DALE A. KIMBALL
United States District Judge